## GROVES *v.* THE STATE.

CANDLER, J. 1. On the trial of an indictment for keeping a gaming-house, it is not error, where such a charge is warranted either by the evidence or the statement of the accused, to instruct the jury that if the accused loaned money to another person for the purpose of maintaining a gaming-house, and after the loan was made the accused visited the gaming-house and "did anything towards keeping and maintaining such house and room so kept and maintained . . for the purpose of gaming, he [the accused] would be equally guilty with [the person to whom the money was loaned], inasmuch as keeping and maintaining a gaming-house in Georgia is a misdemeanor, and all persons concerned in such keeping and maintaining are principals."

2. Where the indictment contained a count charging the accused with gaming, it was not error to charge that "it is not essential to the State's case for the State to prove that he both played and bet for money ; — if he played or bet for money contrary to the laws of the State, as contained in the bill of indictment, the State would be authorized to demand at your hands a verdict of guilty." Stripped of all confusion, this was equivalent to charging that one may be guilty of gaming if he bet on the result of a game, though he be not a player ; and this is a sound principle of law. *Parmer* v. *State*, 91 *Ga.* 152.

3. Evidence that the accused played games of chance for money in a gaming-room, that on stated occasions he "presided over a crap-table" in the room, and that when visitors applied for admission to the room they were admitted sometimes by the accused and sometimes by another person who seemed to be equal with him in authority over the room, coupled with an admission by the accused that he had loaned a sum of money to this other person for the purpose of operating a gambling-room and that he frequently visited the room in order to "look after his money," was sufficient to authorize a general verdict of guilty on an indictment containing three counts, viz., keeping a gaming-house, keeping a gaming-table, and gaming.

4. The exceptions to specified portions of the charge of the court on the ground that they were not warranted by the evidence are without merit.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*

Submitted July 10, — Decided August 2, 1905.

Indictment for keeping gaming-house.　Before Judge Hodges. City court of Macon.　June 3, 1905.

*John R. Cooper,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.